IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, | No. C 15-04289 WHA |
| Plaintiff, | |
| v. | |
| JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.103.148.240, | **ORDER GRANTING *PRO SE* DEFENDANT'S REQUEST TO MOVE TO QUASH SUBPOENA ANONYMOUSLY** |
| Defendant. | |

A prior order granted plaintiff's motion for leave to serve a third-party subpoena on Comcast Cable Communications, LLC, seeking the name and address of the subscriber assigned to the IP address identified above (Dkt. No. 9). That order provided that any identifying information about defendant must be filed under seal. Comcast has forwarded a motion by mail from defendant, who is proceeding *pro se*. Defendant contends that he or she is not subject to personal jurisdiction in the Northern District of California and seeks to proceed with the litigation anonymously, that is, without disclosing his or her identifying information to Malibu Media, at least until any motion to quash the subpoena can be resolved. If *pro se* defendant is required to appear in this action in to file a motion to quash, any such motion will be moot.

This order holds that *pro se* defendant may proceed without disclosing any identifying information to Malibu Media until any motion to quash the subpoena is resolved. For the

practical reason that the Court and the parties must receive relevant pleadings and orders, this protection must be subject to the following procedures:

1. Plaintiff shall please **SERVE** this order on Comcast, and Comcast shall please forward a copy of this order to the subscriber assigned the above-captioned IP address. The Clerk shall also please mail a copy of this order to the return address on the envelope that contained defendant's motion (Dkt. No. 13).

2. By **DECEMBER 17**, defendant may move to quash the subpoena by following the Court's procedure for manual filing. Defendant may continue to use the pseudonym, "John Doe."

3. Defendant shall please also include a separate notice indicating his or her name and an address at which he or she may receive process. Defendant may file an *ex parte* motion to file that document under seal in accordance with Civil L.R. 79-5.

4. To the extent defendant's motion to quash relies on evidence that contains identifying information, defendant may file an *ex parte* motion to file the portions of any declarations or exhibits containing such exhibits under seal pursuant to Civil L.R. 79-5. Any evidence submitted in support of defendant's motion to quash that contains identifying information shall be reviewed *in camera* (that is, only visible to the Court).

5. The Court will serve any other filings, including orders and plaintiff's pleadings, on defendant at the address provided pursuant to Paragraph 3 above.

6. Comcast shall not respond to the subpoena in this action until further ordered by the Court.

If defendant's motion to quash is denied, he or she may continue litigate the case on the merits under the pseudonym "John Doe," and any identifying information shall be redacted on the public docket, although Malibu Media will, of course, be entitled to the subpoenaed information at that time. As provided in the prior order, Malibu Media shall not use any identifying information obtained in this action except to prosecute the claims as stated in its complaint, nor may it disclose any such information.

Finally, defendant is concerned that plaintiff may engage in a "shake-down campaign" if his or her information is disclosed. It is plaintiff's stated practice never to initiate settlement discussions. Nevertheless, as a prophylactic measure, plaintiff is hereby **ORDERED** not to

engage in settlement discussions of any kind unless and until defendant explicitly states that he or she is interested in settling this matter.

**IT IS SO ORDERED.**

Dated:   November 30, 2015.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

United States District Court  
For the Northern District of California

3