1  Your name: John Doe Subscriber
2  Address: Assigned IP Address 76.103.148.240
3  
4  Phone Number:
5  E-mail Address:
6  Pro Se

FILED
DEC 22 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Malibu Media, LLC | Case Number: 3:15-cv-04289-WHA |
| Plaintiff(s), | NOTICE OF MOTION AND MOTION |
| vs. | MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AS MOOT |
| John Doe Subscriber Assigned IP Address 76.103.148.240 | AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| | DATE: N/A |
| | TIME: N/A |
| | COURTROOM: N/A |
| Defendant(s). | JUDGE: Hon. WILLIAM ALSUP |

PLEASE TAKE NOTICE that on *[date]* N/A_____, at *[time]* N/A_____, or as soon thereafter as the matter can be heard, in the courtroom of the Honorable *[judge's name]* WILLIAM ALSUP_____, located at *[address of courthouse and courtroom number]* N/A_____ I will, and hereby do, move for an order granting the attached MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AS MOOT

NOTICE OF MOTION AND MOTION TO _____;
CASE NO. 3:15-cv-04289-WHA _____; PAGE 1 OF 8 [JDC TEMPLATE]

rev: 6/2013

MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AS MOOT

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration(s) of *[names of people who wrote declarations]* John Doe Subscriber Assigned IP Address 76.103.148.240 Defendant

_____ and the [Proposed] Order filed herewith.

### MEMORANDUM OF POINTS AND AUTHORITIES

*Before completing this section, read Chapter 11 of the Pro Se Handbook. This section should include the following separate parts. Number each part.*

1. *A table of contents and a table of authorities, if the memorandum is longer than ten pages;*
2. *A statement of the* ***issues*** *you want the court to decide;*
3. *A brief statement of the* ***facts*** *that are relevant to this motion;*
4. *Your* ***argument*** *for why the judge should grant this motion. Include citations to relevant cases and law. When you refer to specific facts, those facts should also appear in a DECLARATION, which you must submit with this motion. After you state a fact in this section of the motion, state what paragraph of the DECLARATION contains the fact you are using to support your position.*

Pursuant to the Court's order dated October 18, 2015, pro se Defendant John Doe Subscriber IP Address 76.103.148.240 respectfully moves for an order to quash plaintiff's motion for leave to serve third-party subpoena prior to rule 26(f) conference as moot.

I have never committed the acts alleged by the plaintiff regarding distribution of copyright materials owned by Malibu Media. I have never authorized any such actions on my home network. This allegation against me is false and made under the misinformed and mistaken belief that I, the subscriber and assignee of IP 76.103.148.240 from my ISP, proves and and mandates me to be the infringer without question. The IP address however is an address to my router and not my computer.

NOTICE OF MOTION AND MOTION TO MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AS MOOT ;
CASE NO. 3:15-cv-04289-WHA _____; PAGE 2 OF 8 [JDC TEMPLATE]

*rev: 6/2013*

*[Insert as many copies of this page as you need. Make extra copies before you write on it.]*

With a wireless router, I can then provide other computers and devices joined to my network with their own IP addresses, acting like an ISP myself. Just like home addresses there is a registered subscriber. It is illogical to tie the home owner of an address to the activities of other people that use the same address. Similarly, it is illogical to hold the registered subscriber of an IP address accountable to the actions of others using that same IP address to access the Internet. Other users are using the same IP address to get to the Internet through my router.

In turn, home networks are an extension of an ISP through modern wi-fi routers. Therefore, due to the nature of the security problems in the form of viruses, spyware, and hackers gaining access to my wireless router on the Internet and the constant risk to me simply by joining my computer to the Internet through my ISP, it is impossible for me the Defendant to prevent, let let alone even know, if and when unauthorized use of my network has been used to perform the allegations associated to my IP assigned wireless router, not to my computer.

Furthermore, after receiving the subpoena and motion for leave from Comcast filed by the I began researching on the Internet to try and understand the matter of which I was being alleged against. My search results returned dozens of public records and court filings almost identical to the subpoena and order that I have been presented with. These cases span across the United States, including the District Courts of Northern California, Pennsylvania, D.C, Ohio, and others. Mine is another case, among tens of thousands, where Malibu Media alleges that John Doe subscriber of an ISP provider is the infringer and so therefore Malibu Media is privileged to obtaining personal information of John Doe through his ISP. From other accounts of previous defendants, these subpoenas that are allowed are typically followed by settlement and harassment letters from Plaintiff. These letters demand payment for settlement in the of dollars. When settlements are not agreed to by the John Doe, the Plaintiff rarely serves the Named defendant for further litigation. The volume of cases and outcomes of either settlement or no further litigation after receiving John Doe's personal information makes it questionable

NOTICE OF MOTION AND MOTION TO ___ MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AS MOOT

CASE NO. 3:15-cv-04289-WHA ___; PAGE 3 OF 8 [JDC TEMPLATE]

rev: 6/2013

*[Insert as many copies of this page as you need. Make extra copies before you write on it.]*

whether I am at threat of personal harassment from Malibu Media by means of threatening or embarrassment of having my personal information made public regarding pornographic material. For these reasons stated above, I, John Doe Movant respectfully ask that this Motion to quash both of the Plaintiffs Motion for Leave to Serve Third Party Subpoena and the Subpoena to Comcast to provide my personal information be granted.

Here are some additional cases and findings from my Internet research of other Malibu Media vs Doe that are pertinent to my requested motion.

In a recent decision in the Southern District of New York in Manhattan, in Malibu Media v. Doe, 15 CV 4369 AKH, Judge Alvin K. Hellerstein has denied Malibu Media's ex parte motion for permission to serve a subpoena on the internet service provider.

July 6, 2015, Decision of Hon. Alvin K. Hellerstein, denying ex parte motion for discovery

Judge Hellerstein reasoned as follows:

First, it is doubtful whether Malibu has in fact established a prima facie claim here. A prima facie copyright infringement claim consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc. 499 U.S. 3400, 361 (1991). As Judge Marrero observed in Next Phase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165, 171 (S.D.N.Y. 2012), "if the Motion Picture is considered obscene, it may not be eligible for copyright protection." Further, even if Malibu's copyrights are valid, Malibu has not established a violation by the individual to whom the relevant IP address is registered. As Judge Oetken explains, [t]he fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer. Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering internet connection.

Patrick Collin[s], Inc. v. Does 1-6, No. 12-cv-2964, 2012 WL 2001957, at *1 (S.D.N.Y. June 1, 2012) (internal

citations omitted); see also In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R. 80, 84 (E.D.N.Y. 2012) ("[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."); Digital Sin, Inc. v. John Does 1-176, 239, 242 (S.D.N.Y. 2012) (Judge Nathan finding that approximately 30% of John Does identified by their internet service providers are not the individuals who actually downloaded the allegedly infringing films). The risk of misidentification is great in a world with ubiquitous Wi-Fi, and given courts' concerns that these sorts of allegations - especially by this plaintiff - are likely to coerce even innocent defendants into settling, the risk of misidentification is important to protect against. And even if Plaintiff could definitively trace the BitTorrent activity in question to the IP-registrant, Malibu conspicuously fails to present any evidence that that John Doe either uploaded, downloaded, or even possessed a complete copyrighted video file.

For these reasons stated above, I, John Doe Movant respectfully ask that this Motion to quash both of the Plaintiffs Motion for Leave to Serve Third Party Subpoena and the Subpoena to Comcast to provide my personal information be granted.

*All parties who are making this motion must sign, date, and print their names here. Attach another page if you need to.*

Respectfully submitted,

Date: 12/15/2015          Signature: John Doe

Printed name: John Doe Subscriber IP 76.103.148.240
Pro Se

NOTICE OF MOTION AND MOTION TO MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AS MOOT ;

CASE NO. 3:15-cv-04289-WHA ; PAGE 5 OF 8 [JDC TEMPLATE]

rev: 6/2013

1  Your name: John Doe Subscriber
2  Address: Assigned IP Address 76.103.148.240
3
4  Phone Number:
5  E-mail Address:
6  Pro Se
7
8
            **UNITED STATES DISTRICT COURT**
9           **NORTHERN DISTRICT OF CALIFORNIA**

10 Malibu Media, LLC                    ) Case Number: 3:15-cv-04289-WHA
11                                      )
                                        ) **DECLARATION OF**
12                                      )
                                        ) *[name]* John Doe
13         Plaintiff(s),                )
                                        ) IP ADDRESS 76.103.148.24
14    vs.                               )
                                        ) **IN SUPPORT OF MOTION**
15 John Doe Subscriber Assigned         )
                                        ) MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO
16 IP Address 76.103.148.240            ) SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f)
                                        ) CONFERENCE AS MOOT
17                                      )
                                        )
18                                      )
                                        )
19                                      )
                                        )
20         Defendant(s).                )
                                        )
21

22     In support of *[write "Plaintiff's" or "Defendant's"][title of motion]*,
23 Defendant's MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE
24 THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AS MOOT
25 I, *[name]* John Doe
26 declare as follows:
27 //
28 //                     MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO
                          SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f)
                          CONFERENCE AS MOOT
   DECLARATION OF _____
   CASE NO. 3:15-cv-04289-WHA _____ PAGE NO. 6 OF 8 [JDC TEMPLATE]

                                                                *rev: 6/2013*

*In the first paragraph, explain who you are and how you are connected to the party or events relevant to the lawsuit. If you are the Plaintiff or Defendant, say so here. If you are a witness, say how you are involved.*

1. I am <u>the Defendant. Due to the nature of Internet technology, having a wireless home router, visitors, and potential unauthorized access gained by hackers, it is nearly, if not impossible, for Defendant to prevent unauthorized use of network associated with Comcast IP 76.103.148.240 for unauthorized uploading or downloading of any content.</u>

2. I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

*Continue writing facts that support the argument that the Court should grant the motion. Write each fact in a separate paragraph, and number each paragraph. Add additional sheets of paper as necessary. You may only testify to facts or occurrences that you have personal knowledge of or that you personally witnessed. Explain how you know each fact.*

3. _____

4. _____

5. _____

6. _____

7. _____

DECLARATION OF _____

MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AS MOOT

CASE NO. 3:15-cv-04289-WHA      PAGE NO. 7 OF 8 [JDC TEMPLATE]

*rev: 6/2013*

17. _____

_____

_____

18. _____

_____

_____

19. _____

_____

_____

20. _____

_____

_____

21. _____

_____

_____

22. _____

WHEREFORE, I respectfully ask the Court to grant this motion, as well as such other relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on *[date]* 12/15/2015 _____.

Date: 12/15/2015 _____    Signature: John Doe _____

Printed name: John Doe _____

Address: _____

Phone Number: _____  MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AS MOOT

DECLARATION OF _____

CASE NO. 3:15-cv-04289-WHA _____  PAGE NO. 8 OF 8 [JDC TEMPLATE]

*rev: 6/2013*

1  Your name: John Doe Subscriber
2  Address: Assigned IP Address 76.103.148.240
3
4  Phone Number:
5  E-mail Address:
6  Pro Se
7
8                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
9
    Malibu Media, LLC                    )   Case Number: 3:15-cv-04289-WHA
10                                        )
                                          )   [PROPOSED] ORDER GRANTING
11                                        )   MOTION
                                          )
12            Plaintiff(s),               )   MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO
                                          )   SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f)
         vs.                              )   CONFERENCE AS MOOT
13                                        )
    John Doe Subscriber Assigned          )
14                                        )
    IP Address 76.103.148.240             )
15                                        )
                                          )
16                                        )
                                          )
17                                        )
                                          )
18            Defendant(s).               )
19

20       The Court has considered [write "Plaintiff's" or "Defendant's"] Defendant's
21  [title of motion] MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE AS MOOT
22  and the accompanying Declaration(s) of [names]
23  John Doe
24
    Finding that good cause exists, the Motion is GRANTED.
25       IT IS SO ORDERED.
26       [Do not write below this]
27  Date: _____   [Judge's signature] _____
28                                  [Judge's name]: _____
                                                    United States District/Magistrate Judge

[PROPOSED] ORDER GRANTING MOTION, CASE NO. 3:15-cv-04289-WH [JDC TEMPLATE]

                                                                    rev: 6/2013

Justice & Diversity
CENTER
OF THE BAR ASSOCIATION OF SAN FRANCISCO

# CERTIFICATE OF SERVICE

*Use this form to show that a paper or document (other than a complaint) was served (sent or delivered) to an opposing party in accordance with Federal Rule of Civil Procedure 5. A different form is needed to serve a complaint under Federal Rule of Civil Procedure 4.*

**Case name:** Malibu Media, LLC, Plaintiff, v. John Doe IP Address 76.103.148.240, Defendant

**Case number:** 3:15-cv-04289-WHA

**What document was served?** *(Write the full name or title of the document or documents, e.g., "Plaintiff's Opposition to Defendant's Motion for Summary Judgment.")*

**Title(s):** Defendant's Motion to Proceed Anonymously

**How was the document served?** *(Check one.)*
- [x] Placed in U.S. Mail
- [ ] Sent by fax
- [ ] Hand-delivered
- [ ] Sent by delivery service (e.g., FedEx or UPS)

**To whom was the document sent?** *(Write the full name, address, and fax number of everyone who was sent the document. Usually, they will be the lawyers for the opposing parties.)*

Comcast Fax #866-947-5587

**When were the documents served?** *(When were they mailed, faxed, or delivered?)*

Date: 12/15/2015

**Who served the documents?** *(Whoever puts it into the mail, faxes, hand-deliveres, or sends by delivery service should print his/her name, address and sign. You can also do this yourself.)*

Comcast

I declare under penalty of perjury under the laws of the United States of America that the information in this certificate of service is true and correct.

Signature: John Doe

Printed name: John Doe IP Address 76.103.148.240

Address: n/a

CERTIFICATE OF SERVICE [JDC TEMPLATE]                     Rev. 6/2013